UNITED STATES of America,
Plaintiff,

v.

Raymond WILLIAMS, Defendant.

No. 98–CR–80658.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 1, 2008.

787

Kenneth R. Chadwell, Robert P. Cares, Daniel R. Hurley, U.S. Attorney's Office, Detroit, MI, for Plaintiff.

*MEMORANDUM OPINION AND OR-DER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND SUPERVISED RELEASE*

GERALD E. ROSEN, District Judge.

## I. *INTRODUCTION*

This matter is presently before the Court on the Motion of Defendant Raymond Williams for a Reduction of his Sen-

tence and Supervised Release pursuant to the Crack Cocaine Guideline Amendments of November 1, 2007 and May 1, 2008. The Government has responded to Defendant's Motion. Counsel for the Government and for Defendant are in agreement that oral argument on Defendant's Motion is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs.

## II. *DISCUSSION*

Defendant Raymond Williams pled guilty on September 21, 1998 to possession with intent to distribute cocaine base and to being a felon in possession of a firearm. Based on the amount of cocaine base ("crack") involved,[1] his guideline base offense level was 32. On May 15, 2003,[2] the Court determined that the applicable sentencing range on the drug charge was 135–168 months. The Court thereafter sentenced Defendant to 135 months on the drug charge and 120 months, to run concurrently, on the felon-in-possession charge, to be followed by five years supervised release.

Defendant completed his term of incarceration by serving 115 months' imprisonment. He was released to a halfway house in November 2007, and he completed his term on May 9, 2008, upon which he began his five-year period of supervised release.

Effective November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table at U.S.S.G. § 2D1.1 such that the offense levels for

1. For sentencing purposes, Hall was held accountable for 72.61 grams of cocaine base and 4.86 grams of heroin.

2. Williams was originally sentenced on June 16, 2000. However, the original sentence was vacated by the Sixth Circuit and remanded to this Court for re-sentencing with in-structions to the Court to determine (1) whether it should order the Government to make a substantial assistance motion based upon various statements made by the Government to the Defendant, and (2) if such an order is issued whether to grant that motion.

crack cocaine quantities were generally lowered by two (2) levels from previous versions of that guideline. *See* U.S.S.G.App. C, amends. 706, 711. On March 3, 2008, these amendments were made retroactive. *See* U.S.S.G.App. C, Then, effective May 1, 2008, the Sentencing Commission amended the procedure for calculating base offense levels in mixed drug cases. *See* U.S.S.G.App. C, amend. 715. This amendment also was made retroactive. *Id.*, amend. 716.

Relying upon the foregoing amendments to the Sentencing Guidelines, on September 11, 2008, Defendant, through court-appointed counsel, filed the instant Motion for Reduction of Sentence and Supervised Release. It is Defendant's position that under the amended guidelines, his base offense level would be reduced to 30, which would result in a lower sentence range of 108–135 months. He asks that the Court reduce his sentence and impose a final sentence of 108 months imprisonment.

Cognizant, however, of the fact that, since he was released after having served 115 months imprisonment, he cannot receive the actual benefit contemplated by the guideline amendments, Defendant argues that, in fairness, his existing term of supervised release should be reduced to reflect the sentence reduction he would have been entitled to if he were still incarcerated. The relief Defendant seeks is not available to him.

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* ), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

[Emphasis added.]

■ As stated in the highlighted portion of Section 3582(c)(2), for a court to reduce a defendant's term of imprisonment, the reduction must be consistent with the applicable policy statements issued by the Sentencing Commission. Here, the applicable policy statement limits relief to defendants who are currently imprisoned, *see* U.S.S.G. § 1B1.10(a), and expressly prohibits a district court from reducing a sentence to a term that is less than the time already served. *See id.* § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.")

■ Similarly, Defendant's request for termination or modification of his supervised release is also unavailable. To the extent that Defendant premises his reduction-of-supervision argument on the notion that supervision is interchangeable with a term of imprisonment, Defendant is mistaken. The Sentencing Commission has expressly recognized that a term of imprisonment is not interchangeable with a term of supervised release, and has decreed that "the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range ... shall not, without more, provide a basis for early termination of supervised release." U.S.S.G. § 1B1.10, Application Note 4(B). Here, the only basis Defendant provides for his alternative request is that if he had been granted the maximum relief available to him under the amended guideline range when the amendment first became effective, he would not have had to

serve the final nine days of his sentence. As the Application Note to § 1B1.10 makes clear, however, the mere fact that Defendant overserved his term of imprisonment is insufficient grounds for early termination of supervised release.

Defendant's request is even more problematic here because the statutory authority to terminate a term of supervised release is expressly conditioned upon the defendant having served at least one year of supervision. *See* 18 U.S.C. § 3583(e)(1) (allowing a court to terminate supervision and discharge a defendant "at any time after the expiration of one year of supervised release.") Defendant Williams, however, has only been on supervised release for six months. Therefore, this Court is without authority to terminate his supervision at this time.

Defendant's real claim appears to rest on the perceived unfairness of his having served his full sentence, while other defendants who were sentenced later might benefit from the amendments. Although understandable, as the Government points out in its response, this result is inevitable whenever the Sentencing Commission reduces offense levels for particular guidelines. Whether the point of unfairness is the date the new guideline becomes effective—making it "unfair" to those sentenced prior to the change—or, instead, on the date it becomes retroactive—making it "unfair" to those who have already completed their sentences—there will always be a category of defendants who serve longer than others who may be otherwise similarly situated. There is simply nothing this Court is authorized to do at this time to remedy this perceived "unfairness."

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Raymond Williams' Motion for Reduction of Sentence and Supervised Release [**Dkt. # 42**] is DENIED.